UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WERONIKA JANCZUK,

                Plaintiff,

-against-

UNITED STATES OF AMERICA,

                Defendant.

24-CV-3718 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is appearing *pro se*, brings this action seeking unspecified relief. By order dated May 16, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis*, that is, without prepayment of fees. The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

    The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

    While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil

Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory." (internal quotation marks and citation omitted)).

**BACKGROUND**

Plaintiff allege that her claims arose "in all places in which rain falls." (ECF 1 at 2.) She pleads the following in her complaint:

> Human persons have to spend disproportionate amounts of money on decisions
> with regards to rainfall prep when they are pedestrians, including expenses related
> to umbrellas, shoes, and more.

> [0002] Human persons have to codify cheap decisions with regards to a form of protection in the umbrella if their economic state doesn't give them access to spaces wherein a higher form of rigor might be available or habituable.
> [0003] Rainfall unexpected changes patterns of behavior, and could use a higher degree of autonomy and hegemony and authority from communities.
> [0004] Communities are ignorant to questions that might foster a different social and cultural and other forms of evolution.
> [0005] And more.}

(*Id.*)[1]

Plaintiff indicates that she seeks the following relief:

> [0001] For the USA to request that experts-plus experiment with construction that would be utilized in the [a[]] redirecting of rainfall, once it falls; [b[]] the purifying of rain, after its rainfall; [c[]] the utilizing of rain for, i.e., toilet-cleansing, gardening, garden-machinery-moved-by-rainwatermill or otherwise; the burying of rainfall in intentionally-elected places; and similar.
> [0002] For the USA to request that experts-plus experiment with construction that would be utilized in the [a[]] covering of the land during seasons of rainfall, immense heat, and more, with an eye toward examining the ontological, cognitive, affective, spiritual, and social life of the value of a kind of extended dawn and dusk as well as the ways in which persons might have a higher natural tendency towards work and work of different--including higher--qualities in the night.

(*Id.*)

Plaintiff names the United States of America as the sole defendant.

## DISCUSSION

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 475, Plaintiff's allegations about rainfall and her proposal for an "extended dawn and dusk," rise to the level of the irrational. There is no legal theory on which she Plaintiff can rely to state a claim in connection with these allegations. *see Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437. Accordingly, a finding of frivolousness is warranted, *see id.*, and the Court dismisses this action as frivolous, *see* 28 U.S.C. § 1915(e)(2)(B)(i).

---

[1] The Court quotes from the complaint verbatim. All spelling, punctuation and grammar are as in the original unless noted otherwise.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend and dismisses the action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).[2]

## CONCLUSION

Plaintiff's complaint is dismissed under 28 U.S.C. § 1915(e)(2)(B)(i).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment in this action.

SO ORDERED.

Dated:   October 7, 2024
         New York, New York

                                           /s/ Laura Taylor Swain
                                           LAURA TAYLOR SWAIN
                                           Chief United States District Judge

---

[2] Plaintiff indicates in her consent to accept electronic service of documents that this complaint is one of eight actions that she filed on May 7, 2024. (ECF 4 at 1.)